**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6448**

_____

JAMES LEE CECIL, JR.,

Plaintiff - Appellant,

v.

DR. LARGE,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:18-cv-00641-EKD-JCH)

_____

Submitted:  August 29, 2023                              Decided:  September 1, 2023

_____

Before KING, AGEE, and BENJAMIN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

James Lee Cecil, Jr., Appellant Pro Se.  Taylor Denslow Brewer, MORAN REEVES & CONN, PC, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lee Cecil, Jr., who was represented by counsel in the district court but proceeds on appeal pro se, seeks to appeal the district court's order granting Defendant summary judgment in Cecil's 42 U.S.C. § 1983 action. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on January 12, 2023, and, in the accompanying judgment, directed the clerk to serve a copy of the opinion and order on counsel of record. In a motion filed on April 29, 2023,* Cecil advised the court that he did not become aware of the dispositive order until March 20, 2023, sought an extension of the appeal period, and indicated his intent to appeal. Although the district court did not consider whether Cecil satisfied the requirements for reopening the appeal period under Rule 4(a)(6), upon review, we conclude that the court could not have reopened the appeal period because Cecil's motion was filed more than 14 days after he learned of the dispositive order, *see* Fed. R. App. P. 4(a)(6)(B), which had been served on Cecil's attorney in conformance with Fed.

---

* For purposes of this appeal, we assume that the date appearing on the motion is the earliest date Cecil could have delivered the motion to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

R. Civ. P. 77(d)(1) and Fed. R. Civ. P. 5(b)(1).  This time period is jurisdictional.  *See* 28 U.S.C. § 2107(c).  Accordingly, we dismiss the appeal for lack of jurisdiction because Cecil did not timely appeal or successfully reopen the appeal period.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*